UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JCV 671, LLC, <br> an Ohio Limited Liability Company, <br> 28740 Glenwood Road <br> Perrysburg, Ohio 43551 <br><br> Plaintiff, <br><br> vs. <br><br> MMA MANAGEMENT, LLC, <br> a Georgia Limited Liability Company, <br> c/o Alan Cohen, Statutory Agent <br> 4473 Tilly Mill Road <br> Atlanta, Georgia 30360 <br><br> Defendant. | : Case No. _____ <br><br> : (Hon. _____) <br> : <br> **COMPLAINT WITH JURY DEMAND** <br> : **ENDORSED HEREON** <br><br> : Jeffrey M. Stopar (0066640) <br>   Janet E. Hales (0058435) <br> : EASTMAN & SMITH LTD. <br>   One SeaGate, 24th Floor <br> : P. O. Box 10032 <br>   Toledo, Ohio 43699-0032 <br> : Telephone: (419) 241-6000 <br>   Fax: (419) 247-1777 <br> : Email: jmstopar@eastmansmith.com <br>           jehales@eastmansmith.com <br> : <br>   Attorneys for Plaintiff <br> : JCV 671, LLC |

Plaintiff JCV 671, LLC states the following as its Complaint against Defendant MMA Management, LLC:

## I. INTRODUCTION

1. This is an action for breach of contract, breach of implied duty of good faith and fair dealing, fraud, and promissory estoppel due to Defendant's actions and inactions in connection with the parties' written contract for the purchase and sale of real property in Toledo, Lucas County, Ohio.

## II. PARTIES

2. MMA Management, LLC (hereinafter "Defendant") is a limited liability company created pursuant to the laws of the State of Georgia.

3. Defendant may be served with summons and process by serving Alan Cohen, its registered agent, at 4473 Tilly Mill Road, Atlanta, DeKalb County, Georgia.

4. Defendant is engaged in business within the State of Ohio and is therefore subject to the jurisdiction of this Court.

5. JCV 671, LLC (hereinafter "Plaintiff" or "JCV") is a limited liability company created pursuant to the laws of the State of Ohio.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 because the damages alleged exceed $75,000 and the citizenship of Plaintiff and Defendant are completely diverse.

7. Venue is proper in the United States District Court for the Northern District of Ohio, Western Division, pursuant to 28 U.S.C. § 1391, because the Defendant is transacting business in Ohio, and is thus subject to personal jurisdiction there.

## IV. UNDERLYING FACTS

8. On or about February 2, 2007, JCV and Defendant entered into a contract titled Real Property Purchase Agreement (hereinafter the "Agreement"). A true, accurate and complete copy of the Agreement is attached hereto as Exhibit "A."

9. The Agreement requires Defendant to purchase and JCV to sell approximately 22.70 acres of real property located in Toledo, Lucas County, Ohio, which real property is more accurately described in the Agreement attached hereto (hereinafter the "Property").

10. Paragraph 6 of the Agreement provides Defendant with one hundred twenty (120) days from the date of the final execution and delivery of the Agreement within which to review and inspect the Property (hereinafter the "Inspection Period").

11. Paragraph 6 of the Agreement also provides Defendant the unilateral right to extend the Inspection Period an additional sixty (60) days by providing JCV with written notice of its intent to so extend the Inspection Period.

12. Paragraph 27 of the Agreement provides that the parties recognize that Defendant is required to obtain a special use permit in connection with Defendant's proposed use for the Property as a used auto parts sales facility.

13. As a condition precedent to Defendant's obligation to close on the transaction contemplated by the Agreement, Paragraph 28 of the Agreement requires JCV to demolish certain buildings located on the Property (hereinafter the "Demolition Work").

14. Paragraph 4 of the Agreement provides that the transaction contemplated by the Agreement is to close within thirty (30) days from the date that JCV completes the required Demolition Work.

15. In accordance with Paragraph 5 of the Agreement, Defendant transferred an earnest money deposit in the amount of Twenty-Five Thousand and No/100 Dollars ($25,000.00) to Old Republic National Title Insurance Company to hold in escrow pursuant to the terms of the Agreement.

16. Paragraph 28 of the Agreement requires Defendant to make an additional earnest money deposit in the amount of Two Hundred Thousand and No/100 Dollars ($200,000.00) upon completion of the Demolition Work by JCV.

17. According to Paragraph 6 of the Agreement, Defendant is entitled to recover the earnest money in the event the Agreement is terminated; however, once Defendant elects to extend the Inspection Period an additional sixty (60) days, the Agreement states that the earnest money "shall be deemed 'at risk' and not refundable" unless JCV defaults under the terms of the Agreement or Defendant is unable to obtain all permits and approvals required for the development of a used auto parts sales facility.

18. On or about May 14, 2007, Defendant filed a petition with the Toledo-Lucas County Plan Commissions seeking a special use permit for the operation of an auto parts sales facility at the Property.

19. On or about June 1, 2007, Defendant exercised its right to extend the Inspection Period sixty (60) days, with the result that the earnest money deposited in connection with the Agreement became "at-risk."

20. By operation of Defendant's election to extend the Inspection period, the Inspection Period was scheduled to expire on August 1, 2007.

21. On or about June 22, 2007, counsel for Defendant sent a letter to JCV purporting to terminate the Agreement for the stated reason that Defendant's "application for the Permits required in connection with [Defendant's] proposed use of the Property…has been denied."

22. Contrary to the contents of this June 22, 2007 correspondence, no permit applications filed by Defendant in connection with its proposed use of the Property had been denied as of June 22, 2007. In fact, no such applications have ever been denied.

23. Thereafter, Defendant made representations to JCV's agents and representatives that it would continue with the Agreement and fulfill its obligations thereunder.

24. These representations to JCV were supported by a letter from counsel for JCV to the Toledo-Lucas County Plan Commissions dated July 13, 2007 requesting that a hearing on the special use permit application for the Property be scheduled in September 2007.

25. On or about July 23, 2007, JCV completed the Demolition Work at the Property. As a result, the transaction contemplated by the Agreement was required to close on or before August 22, 2007.

26. By a letter dated July 27, 2007, JCV notified Defendant of the completion of the Demolition Work and requested that the additional Two Hundred Thousand and No/100 Dollars ($200,000) of earnest money be deposited in accordance with Paragraph 28 of the Agreement.

27. Defendant failed and refused to make the additional earnest money deposit of Two Hundred Thousand and No/100 Dollars ($200,000.00).

28. Instead, Defendant, by and through its counsel, sent a letter to JCV dated July 30, 2007 indicating that "[Defendant] hereby elects to terminate the [] Agreement effective immediately…"

29. Defendant's July 30, 2007 termination notice fails to set forth any alleged event of default by JCV, nor does the July 30, 2007 termination notice allege that Defendant was unable to obtain any of the permits required for its proposed use of the Property.

30. Subsequently, on or about August 13, 2007, Defendant withdrew its pending application for a special use permit for the Property.

31. Defendant has failed and refused to close on the transaction contemplated by the Agreement.

## COUNT I – BREACH OF CONTRACT

32. Plaintiff incorporates and realleges Paragraphs 1 through 31 of the Complaint set forth above, as if restated herein verbatim.

33. The parties entered into the Agreement, which provided for the purchase and sale of the Property.

34. JCV performed all obligations required of it pursuant to the Agreement.

35. The Agreement required Defendant to deposit additional earnest money in the amount of Two Hundred Thousand and No/100 Dollars ($200,000.00) upon JCV's completion of the Demolition Work.

36. Defendant failed and refused to deposit the additional earnest money upon JCV's completion of the Demolition Work.

37. The Agreement required Defendant to close on the transaction contemplated by the Agreement.

6

38. Defendant failed and refused to close on the transaction contemplated by the Agreement, terminating the Agreement after electing to extend the Inspection Period.

39. The Agreement required Defendant to obtain the special use permit required in connection with its proposed use of the Property.

40. Defendant failed to obtain the special use permit required in connection with its proposed use of the Property, and refused to act diligently and reasonably in pursuing the acquisition of this special use permit.

41. Defendant's actions and inactions, as set forth above, constitute a default under the terms of the Agreement.

42. JCV has incurred damages as a direct and consequential result of Defendant's default under the terms of the Agreement.

43. The Agreement provides that JCV is entitled to recover the earnest money provided for by the Agreement as full and liquidated damages in the event of default by Defendant.

44. As a result, JCV is entitled to an award of damages against Defendant in the amount of Two Hundred Twenty-Five Thousand and No/100 Dollars ($225,000.00) as its full and fixed liquidated damages for Defendant's default under the terms of the Agreement.

## COUNT II – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

45. Plaintiff incorporates and realleges Paragraphs 1 through 44 of the Complaint set forth above, as if restated herein verbatim.

46. The parties entered into the Agreement, which provided for the purchase and sale of the Property.

7

47. Implicit in every contract is a duty of good faith and fair dealing owed by the parties to the contract to one another.

48. Defendant failed and refused to act in good faith to obtain the special use permit required in connection with its proposed use of the Property. For example, Defendant:

(a) delayed filing a petition for the special use permit until over three (3) months after the execution of the Agreement;

(b) made false representations to JCV, stating that its application for a special use permit had been denied;

(c) requested that a hearing on the special use permit be delayed to a date outside of the extended Inspection Period provided for by the Agreement; and

(d) withdrew its petition for a special use permit before the Toledo-Lucas County Plan Commissions could reach a determination on the merits of the petition.

49. Additionally, Defendant failed to act in good faith and deal fairly with JCV, inducing JCV to complete the Demolition Work at the Property, despite a lack of intention on the part of Defendant to fulfill its obligations to close the transaction contemplated by the Agreement.

50. As a direct and consequential result of Defendant's lack of good faith and fair dealing in connection with the Agreement, JCV has suffered damages.

51. Therefore, JCV is entitled to an award of damages against Defendant in an amount to be proven at trial, or in the alternative, in the amount of Two Hundred Twenty-Five Thousand and No/100 Dollars ($225,000.00), constituting liquidated damages fixed by the Agreement for Defendant's breach of its duty of good faith and fair dealing.

## **COUNT III – PROMISSORY ESTOPPEL**

52. Plaintiff incorporates and realleges Paragraphs 1 through 51 above as if restated herein verbatim.

53. Defendant promised to:

   (a) purchase the Property from JCV;

   (b) deposit the additional earnest money in the amount of Two Hundred Thousand and No/100 Dollars ($200,000.00) upon JCV completion of the Demolition Work;

   (c) obtain the permits and approvals required in connection with Defendant's proposed use of the Property; and

   (d) pursue its obligations under the Agreement with diligence in good faith and deal fairly with JCV.

54. Defendant should have reasonably expected its promises to induce JCV to take action by completing the Demolition Work at the Property.

55. JCV was induced by Defendant's promises to complete the Demolition Work at the Property and relied upon these promises to its detriment.

56. JCV has incurred damages as a result of Defendants failure and refusal to fulfill its promises.

57. As a result, JCV is entitled to an award of damages in an amount to be proven at trial by operation of the promissory estoppel doctrine.

WHEREFORE, Plaintiff prays as follows:

(a)  that Plaintiff have judgment against Defendant in the amount of Two Hundred Twenty-Five Thousand and No/100 Dollars ($225,000.00) as full and fixed liquidated damages arising from Defendant's breach of contract;

(b)  that Plaintiff have judgment against Defendant for general and special damages in an amount to be proven at trial; and

(c)  that Plaintiff have such further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff JCV 671, LLC demands a trial by jury on all issues triable of right by a jury in the Complaint set forth above.

Respectfully submitted,

EASTMAN & SMITH LTD.


 /s/ Jeffrey M. Stopar
Jeffrey M. Stopar (0066640)
Janet E. Hales (0058435)
Eastman & Smith Ltd.
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, Ohio 43699-0032
Telephone:   (419) 241-6000
Facsimile:    (419) 247-1777
E-mail:   jmstopar@eastmansmith.com
               jehales@eastmansmith.com

Attorneys for Plaintiff
JCV 671, LLC